Filed 8/12/15  Womack v. Lovell CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ART WOMACK,<br><br>    Plaintiff, Cross-defendant and Respondent,<br><br>        v.<br><br>DAVID ANGUS LOVELL et al.,<br><br>    Defendants, Cross-complainants and Appellants;<br><br>MARK CABALLERO,<br><br>    Cross-defendant and Respondent. | G050522<br><br>(Super. Ct. No. 30-2011-00438896)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt, Judge.  Affirmed in part and reversed in part with directions.

Law Offices of Lenore Albert and Lenore L. Albert for Defendants, Cross-complainants and Appellants.

Law Office of Mitchell B. Hannah, Mitchell B. Hannah and Hallie D. Hannah for Plaintiff, Cross-defendants and Respondents.

*       *       *

This is the attorney fee sequel to *Womack v. Lovell* (2015) 237 Cal.App.4th 772 (*Womack I*). After the trial court's judgment in *Womack I* was appealed, the trial court amended the judgment to award defendant homeowner Art Womack attorney fees of $43,880.00 and defendant contractor Mark Caballero fees of $23,422.00. Both awards were based on their having obtained favorable judgments as against a cross-complaint filed by DA Lovell Corp., called "Aztec" in *Womack I*. As we explain in great detail in *Womack I*, the judgment in favor of Womack is untenable because it rested on the semi-surreptitious device of first plainly alleging that Aztec was licensed in a complaint, then generally denying Aztec's own cross-complaint making the same allegation. We rejected that gaming of the system and reversed the judgment.

Obviously the attorney fee award (and accompanying costs) in favor or Womack must be reversed, with directions to the trial court to vacate that part of the amended judgment, and to award Aztec an appropriate amount of attorney fees. The fee award in favor of Caballero presents a more nuanced matter because in *Womack I,* we affirmed the defense judgment in Caballero's favor – he never blew hot and cold the way Womack did. Since Aztec presents no detailed argument as to why *Caballero's* actual fee award was unreasonable given this litigation, we see no need to change the amended judgment insofar as his fee award is concerned.

But we do enter a postscript to *Womack I* in view of battles over appellate attorney fees that are no doubt yet to come: While Aztec will be entitled to its fees for successfully prosecuting both the appeal in *Womack I* and this case (G050522), it is pretty clear that the core issue on appeal has been the effect of Womack's judicial admission in his initial complaint. We note both Womack and Caballero are represented by the same counsel. On remand, the trial court will have the benefit of our opinion and

2

the briefing in *Womack I* and can look anew at how much appellate work was actually done on Womack's behalf as distinct from Caballero's.

The amended judgment is reversed to the degree it awards attorney fees and costs to Art Womack, and the trial court is directed to enter an as-yet-to-be-determined reasonable attorney fee award in favor of Aztec against Art Womack. To the degree that the amended judgment awards attorney fees and costs to Mark Caballero, the amended judgment is affirmed. In the interests of justice, Aztec will recover all its appellate costs in this appeal against Art Womack, and Mark Caballero will bear his own costs.


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.

3